## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:08-cv-411-M**

**DEBORAH CONDER**                                                                                    **PLAINTIFF**


**V.**

**BEST VALUE INC. and**
**WILLIAM D. MOORE**                                                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Plaintiff Deborah Conder ("Conder") to remand the action to state court.  Plaintiff claims that Defendants Best Value Inc. ("Best Value") and William D. Moore ("Moore") have failed to meet their burden of proving that the amount in controversy in this diversity action exceeds $75,000.  Fully briefed, this matter is ripe for decision.  For the following reasons, Plaintiff's Motion to Remand is **DENIED**.

## I. FACTS

Deborah Conder alleges that William Moore, the driver of a tractor-trailer owned by Best Value, negligently collided with her vehicle on August 18, 2006, causing her permanent injury, lost wages, medical expenses, impairment of future income, and pain and suffering. [DN 1].  On February 11, 2008, Conder wrote a letter to Best Value demanding settlement of her claims in the sum of either $85,000 or $105,000. [DN 7].  When settlement negotiations failed, she filed suit on June 16, 2008.  Best Value thereafter removed the case to this Court. [DN 1].  Conder now requests that the cause be remanded for lack of subject

matter jurisdiction. [DN 7].

## II. DISCUSSION

As a general matter, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the suit is between "citizens of different states." 28 U.S.C. § 1332(a). A defendant removing a case has the burden of proving these diversity jurisdiction requirements are met. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Where, as here, the complaint shows only "some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant must show by a "preponderance of the evidence" that the plaintiff's claims are greater than $75,000. Gafford v. Gen. Elec. Co., 997 F.2d 150, 157 (6th Cir. 1993).

At issue in this motion is whether Defendants have carried that burden. Plaintiff acknowledges $33,300 in damages for past medical expenses and lost wages. She contends, however, that Best Value has failed to show that her claims for future medical expenses, impaired earning power, and pain and suffering bridge the nearly $42,000 gap to the jurisdictional minimum. She analogizes her case to Hughes v. UPS Supply Chain Solutions, Inc., 2008 WL 3456217 (W.D. Ky. 2008). There, as here, the plaintiff's readily calculable damages were less than the jurisdictionally-required amount. Id. at *1. Thus, the defendants in Hughes had to show that the plaintiff's emotional distress and attorney's fees claims

2

brought the amount in controversy to over $75,000.  Finding that there was not "any evidence establishing a value for such damages and fees," the Court held that the defendants failed to carry their burden. Id. at *2.

Plaintiff's reliance on Hughes is clearly misplaced.  In this case, Defendants have offered evidence establishing a value for Conder's future medical expenses, impaired earning power, and pain and suffering claims.  Indeed, they rely on Conder's own estimation of such damages: her settlement demand letter seeking "$95,000, with reimbursement of the [$10,000] PIP lien." (Plaintiff's Demand Letter, p. 8).  Although the letter is ambiguous in that it could be read to demand either $85,000 or $105,000, it nonetheless provides a value for Conder's otherwise non-readily calculable damages.  All the Court needs to do is subtract $33,300 for past medical expenses and lost wages.

However, before a demand letter can be considered "relevant evidence of the amount in controversy," the Court must determine that it "reflect[s] a reasonable estimate of the plaintiff's claim." Osborne v. Pinsonneault, 2007 WL 710131 (W.D. Ky. 2007) (quoting Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002).  Here, the Court observes that (1) Conder will continue to require "muscle relaxers, anti-inflamatories, anti-depressants and occasionally low dose narcotic therapy" because her condition is "now chronic (permanent)"; (2) treatment of her pain has required "nine procedures—four epidurals, one radio frequency, two fact injections and two trigger point injunctions" as well as "59 physical therapy visits" in less than two years; (3) "the strain of returning to full-time employment, with the additional stress of maintaining an active family life, was documented to cause recurrence

3

of her symptoms and limitations"; and (4) her condition "can potentially worsen over time." (Plaintiff's Demand Letter, p. 7-8). These facts convince the Court that Conder's demand letter reasonably estimates her pain and suffering, future medical expenses, and impaired earning power, whether those damages are approximated at $52,000 or $72,000. Accordingly, Defendants have carried their burden of showing that the amount in controversy exceeds $75,000.

Conder's offer to stipulate to the contrary—that the amount in controversy is less than the jurisdictional minimum—is unavailing. Although a few district courts have accepted such binding stipulations, the Sixth Circuit has explicitly rejected the practice, explaining that it risks forum shopping and unfair manipulation. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872-73 (6th Cir. 2000). More fundamentally, however, post-removal events reducing the amount recoverable below the jurisdictional minimum, whether beyond the plaintiff's control or the result of his stipulation, affidavit, or amendment of his pleadings, do not oust the District Court's jurisdiction once it has attached. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290 (1938). Therefore, Conder's "post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." Rogers, 230 F.3d at 872.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Remand is **DENIED**.

cc: Counsel of Record